

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,529-01

### EX PARTE JOSE ANDRES DE LA ROSA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-1838-93-D(1) IN THE 206TH DISTRICT COURT
### FROM HIDALGO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of marihuana and sentenced to twelve years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *De La Rosa v. State*, No. 13-94-00356-CR (Tex. App.—Corpus Christi Sept. 14, 1995) (not designated for publication).

Applicant contends that he is entitled to time spent out of custody on an appeal bond. The trial court made findings of fact and conclusions of law and recommended that we grant relief. We believe that the record is not sufficient to resolve Applicant's claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Thiles*, 333 S.W.3d 148 (Tex. Crim. App. 2011). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a second hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first order the District Clerk to forward the conditions of Applicant's appeal bond in the present case and the clerk's record in cause number CR-1975-96-A. The trial court shall also determine whether Applicant violated the conditions of his appeal bond by committing the offense of possession of marihuana in cause number CR-1975-96-A. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 2, 2016
Do not publish